## SUPREME COURT.

CHARLES E. BISHOP, respondent, agt. JAMES T. MAIN, appellant.

If parties will review questions of fact found by referees, they must obtain all the particulars, as to date, &c., from the referees. Before the court can convict referees of error, they should be put in possession of the precise grounds on which they proceeded. This can always be accomplished by obtaining, through the order of the court, a more detailed report.

A party, alleging error or mistake, must point it out specifically, and establish satisfactorily the fact of its existence.

*Third District, General Term, September,* 1858.

THIS is an appeal by defendant from a judgment entered upon the report of a referee. The defendant, for the stipulated price of $1,050, had agreed to deliver to the plaintiff 1,400 spruce poles, in 1854, and the like number in 1855; to average in length 35 feet. The plaintiff claimed a neglect by defendant to deliver a portion of these poles in 1854, and a still larger portion in 1855, and the referee so found, and charged

the defendant with the defective number at the stipulated price. The referee appears to have relied mainly on the testimony of the witness Synon, agreed upon by the parties to measure and keep an account of the poles. Defendant introduced three witnesses, whose united testimony, if credible and reliable, tended to show the delivery of a larger number than that allowed by the referee. The referee found at length upon the questions of fact, and reported in favor of the plaintiff for the sum of $839.46. The defendant, before suit brought, had tendered the sum of $370.

The other facts are sufficiently stated in the opinion of the court.

W. A. BEACH, *for appellant.*
J. A. MILLARD, *for respondent.*

By the court—HOGEBOOM, Justice. The appellant takes several objections to the proceedings in this case—some of them raising questions of law, others questions of fact.

1. It is objected that evidence of the average length of the poles was erroneously received, inasmuch as they were received upon the contract as poles 35 feet long, and the defendant was thereby estopped. By reference to the contract, it is seen that the poles were to be of the average length of 35 feet, and there is nothing to show that poles of a less length were *accepted* as *equivalent* to those required by the contract.

2. Buswell's evidence, as to the length of the poles, was objected to, as not founded on actual measurement and not accompanied by proof that they were *the* poles delivered by defendant. The proof was competent for what it was worth. It was an *estimate* by a person capable of judging. The *identity* of the poles was a question of fact. No other person's poles, except the defendant's, were shown to have been delivered, and they were *on the dock* where the defendant's were put. This objection must be overruled.

3. It is claimed that the referee should have found, upon the weight of evidence, that 1,400 poles were delivered in

1854, instead of 897. But this is a question of evidence and of credibility. The parties had, to save dispute, agreed upon a particular person, Synon, to make the measurement. By his measurement, which is claimed to have been particular and accurate, the referee governed himself. Others appear to have testified to a larger number. But some poles were totally rejected as culls, and others were deficient in length, and the testimony of those swearing to the larger number is otherwise not entirely satisfactory, as to the number of loads delivered, the number of poles on a load, and the number of loads not measured by Synon. Although there is a pretty large discrepancy, I am not prepared to say that the result at which the referee arrived is incorrect. If parties will review these questions of fact, I think they must obtain more particular data from the referee. Before we can convict him of error, we should be put in possession of the precise grounds on which he proceeded. This can always be accomplished, by obtaining, through the order of the court, a more detailed report. We may often do great injustice, by overruling the original tribunal upon general grounds, which an opportunity for explanation would satisfactorily elucidate.

4. It is further claimed, that the referee's estimate was erroneous, as the plaintiff himself is shown to have received and accepted additional poles to those embraced in the referee's estimate. But I do not think this is clearly apparent from the case, and the rule above referred to applies that the party alleging error or mistake must point it out specifically, and establish satisfactorily the fact of its existence.

5 and 6. The fifth and sixth objections are but a repetition, in a little different form, of those previously made under objections 3 and 4.

7. The tender, being insufficient, was not important to be noticed.

I see no occasion, therefore, upon the whole case, of interfering with the action of the referee, and the judgment of the court below must be affirmed.